IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| DAVID and KAY SIEVERDING, | OPINION |
| | AND |
| Plaintiffs, | ORDER |
| | |
| v. | 08-cv-0252-bbc |
| | |
| MURPHY DESMOND, LLC. | |
| | |
| Defendant.. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs David and Kay Sieverding filed this action on May 2, 2008, and paid the filing fee. Pursuant to Fed. R. Civ. P. 12(h)(3), I have reviewed plaintiffs' complaint to determine whether this court has subject matter jurisdiction over their claim. From the complaint, I understand plaintiffs to allege the following facts.

ALLEGATIONS OF FACT

Plaintiffs David and Kay Sieverding are a married couple and residents of Wisconsin. Defendant Murphy Desmond sells professional liability insurance to six law firms in Colorado. Four of the law firms entered appearances in case no. 02-C-1950, an action

1

plaintiffs filed in the United States District Court for the District of Colorado. In that case, plaintiffs raised a politically controversial claim that bar associations were contributing to lawyer misconduct and crimes. The federal judge in the case, Judge Nottingham, awarded attorney fees to defendants "without any rule 11 c 6 orders" and without any motion from the defendants, in violation of the District of Colorado local rules. Judge Nottingham's award of attorney fees violated "rule 52a and rule 54c" because it does not state the facts and law supporting a sanction. No reason was given for the sanctions.

One of the law firms, Feldman, Nagel & Oliphant, contracted with defendant Murphy Desmond to collect $8,900 for services performed by Mr. Oliphant even though he appeared in the Colorado case pro se. Faegre & Benson contracted with defendant Murphy Desmond to collect $12,368 for attorney bills paid by Mutual Insurance Limited of Bermuda. Lettunich & Vanderbloemen contracted with Murphy Desmond to collect $11,196 from plaintiffs even though Lettunich & Vanderbloemen did not appear in the action at all. Hall & Evans contracted with Murphy Desmond to collect $21,547 for services performed by David Brougham, who was a defendant in the action and appeared pro se. Wilson & Steele contracted with Murphy Desmond to collect $11, 996 from plaintiffs. McConnell, Siderius, Fleischner, Houghtaling & Craigmile, LLC contracted with Murphy Desmond to collect $35,857 from plaintiffs.

The United States Court of Appeals for the Tenth Circuit did not acknowledge the

information concerning attorney fees that plaintiffs presented in their appeal. The court did not allow conferences or oral hearings with plaintiffs. Plaintiffs' petition for a writ of mandamus was denied by the United States Supreme Court.

OPINION

Federal courts can hear only those cases that Congress empowers them to hear. Generally, federal courts have the power to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1331-32.

In this case, plaintiffs are suing Murphy Desmond, a Wisconsin law firm, for taking action on behalf of defendants in another state to collect attorney fees another judge has ruled is owed to them. Although plaintiffs do not request any relief, they assert: "For the reasons above an award of attorney bill shifting in such circumstances is unconstitutional and any action to publish or collect it is fraudulent and illegal." Compl., dkt. #1 ¶52.

Nothing in plaintiff's allegations can be construed to make out a plausible claim that there is a federal or state law that prevents defendant from collecting attorney fees from litigants who are required by an order of a court to pay them. Rather, plaintiffs' suit against

3

Murphy Desmond is nothing more than a thinly disguised suit to challenge the validity of Judge Nottingham's order. Litigants in federal court who are unhappy with a district judge's decision have one course of action only. Pursuant to 28 U.S.C.§ 1291, they may appeal a final decision of a district judge to the United States Court of Appeals for that district. If the court of appeals does not afford the litigant the relief she seeks, she may petition for certiorari in the United States Supreme Court. That is the last stop. She cannot start again in a new district court hoping for a better result. Plaintiffs have taken the route available to them and lost. This court lacks the authority to consider the matter further.

Because plaintiffs' complaint contains no allegations of fact supporting their contention that defendant has violated their rights under federal or state law, their complaint will be dismissed on the court's own motion for lack of jurisdiction.

ORDER

IT IS ORDERED that plaintiffs David and Kay Sieverding's action is DISMISSED on the court's own motion for lack of subject matter jurisdiction. The Clerk of Court is

directed to enter judgment in favor of defendant and close this case.

Entered this 6th day of May, 2008.

                BY THE COURT:

                /s/

              _____
              BARBARA B. CRABB
              District Judge