IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID and KAY SIEVERDING,

                Plaintiffs,

v.

MURPHY DESMOND, LLC.,

                Defendant,

ORDER

08-cv-252-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On May 6, 2008, I dismissed this case on the court's own motion for lack of subject matter jurisdiction because plaintiffs' complaint contained no allegations of fact supporting their contention that defendant Murphy Desmond, LLC, a private law firm, had violated their rights under federal or state law. On May 7, 2008, judgment was entered in defendant's favor. Subsequently, on May 30, 2008, I denied plaintiffs' motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59, on the ground that it was untimely. On June 3, 2008, plaintiffs asked for reconsideration of the May 30 order, but subsequently withdrew that motion on June 4, 2008. Now plaintiffs have filed a second motion for reconsideration of the May 30 order. In this motion, plaintiff Kay Sieverding points out that the court erred in calculating the ten-day period within which they had to file their Rule

1

59 motion. In particular, she argues that the motion was filed on May 21, 2008, even though it was not date stamped or docketed until May 22, 2008. She is right. A close review of the record shows that plaintiffs' Rule 59 motion was received in the clerk's office on May 21, 2008, the last day on which plaintiffs had in which to file a Rule 59 motion. It was inadvertent error that the motion was not date stamped until May 22, 2008. Therefore, I am vacating the order of May 30, 2008, and reviewing the merits of plaintiff's Rule 59 motion.

When I dismissed plaintiffs' case, I told them that this court lacks subject matter jurisdiction over their complaint because the suit challenges the validity of an order of a judge in another federal district court. Plaintiffs' 31-page Rule 59 motion presents nothing more than a blunderbuss dissertation of the facts plaintiffs asserted in their complaint. Nowhere in the motion do plaintiffs provide any support for an argument that I erred in dismissing their case.

ORDER

IT IS ORDERED that the May 30, 2008 order denying the Rule 59 motion filed by plaintiffs David and Kay Sieverding (dkt. # 8) is VACATED and plaintiffs' Rule 59 motion

is DENIED on the merits.

Entered this 25th day of June, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge